840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary L. RUPP, Defendant-Appellant,
UNITED STATES of America, Plaintiff-Appellee,
v.
Joan L. RUPP, Defendant-Appellant.
 Nos. 87-5117, 5118.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 12, 1988.
Decided Feb. 19, 1988.
 
 Martin S. Pinales, Sirkin, Pinales & Schwartz on brief for appellant.
 William A. Kolibash, United States Attorney, Bruce M. Smith, Assistant United States Attorney on brief for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and JAMES S. SPENCER, District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Convicted of criminal conspiracy in violation of Title 18, U.S.C. Sec. 371 for the interstate transportation of altered and forged securities, the defendants appeal, assigning error in the District Court in failing to sustain their motion to suppress evidence. We affirm.
 
 
 2
 The facts, so far as pertinent to the motion to suppress, are undisputed. An affidavit for a search warrant was submitted by Postal Inspector David Plackett and sets forth a scheme run by Francis J. "Chip" Palumbo, II, out of his place of business. Specifically, paragraph 11 states that on February 18, 1985, a confidential informant observed Palumbo receiving a Federal Express "Overnight Letter" containing a large amount of cash and numerous automobile titles. Paragraph 12 states that the Federal Express Office delivered such an "Overnight Letter" to Palumbo on that same date from "Rupp Enterprises." Paragraphs 13, 14, and 15 state that numerous "Overnight Letters" were delivered to and sent from Mr. Palumbo's business, including at least one envelope sent by "Rupp Enterprises" and at least two envelopes being sent to Joan Rupp. Further, at least one envelope sent by Rupp was known to contain automobile titles. The final paragraph, paragraph 18, states that an "Overnight Letter" from "Rupp Enterprises" to Chip Palumbo was being held by the Federal Express Office. The government sought and obtained from the magistrate a warrant to search this envelope. Defendants contend that the affidavit was insufficient for a warrant to issue and that the district court erred in failing to suppress the evidence. The district court did not err in refusing to suppress the evidence.
 
 
 3
 The United States Supreme Court has held that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' " Illinois v. Gates, 462 U.S. 213, 236 (1983), (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969). Further, "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime charged will be found in a particular place." Id. at 238.
 
 
 4
 The affidavit in the instant case provided the magistrate with sufficient information for him to make a practical, common-sense determination that evidence of the crime would be found in the Federal Express "Overnight Letter" from the Rupps to Palumbo. The district court therefore acted properly in refusing to suppress this evidence. Accordingly, the judgments of the district court are
 
 
 5
 AFFIRMED.